IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| MICHAEL WILLIAMS, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 6:16-CV-391-RP |
| JO A. OLUKAKA, et al., | § § § | |
| Defendants. | § | |

## **ORDER**

Before the Court is the above-entitled action, in which Plaintiff Michael Williams is proceeding *pro se* and *in forma pauperis*. In May 2017, the Court denied a Request for Appointment of Counsel filed by Plaintiff. (Order, Dkt. 23). In light of the Court's recent ruling on Defendants' Motion for Summary Judgment, (Order, Dkt. 37), Plaintiff's entitlement to counsel should be reconsidered.

"A civil rights complainant has no right to the automatic appointment of counsel," and "the trial court is not required to appoint counsel for an indigent plaintiff asserting a claim under 42 U.S.C. § 1983 . . . unless the case presents exceptional circumstances." *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982). The U.S. Court of Appeals for the Fifth Circuit has identified four factors—known as the *Ulmer* factors—that federal courts should consider in determining, in their discretion, whether counsel should be appointed. Those factors include (1) the type and complexity of the case; (2) whether the indigent plaintiff is capable of adequately presenting his case; (3) whether the indigent plaintiff is in a position to adequately investigate the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination. *Id.* at 213 (citations omitted). The court "should also consider whether the appointment of counsel would be a service to the indigent plaintiff and, perhaps, the

court and defendant as well, by sharpening the issues in the case, shaping the examination of witnesses, and thus shortening the trial and assisting in a just determination." *Id.* Subsequent cases in the Fifth Circuit have followed the reasoning set forth in *Ulmer*. *See Vinson v. Heckmann*, 940 F.2d 114, 116 (5th Cir. 1991); *Cooper v. Sheriff, Lubbock County, Texas*, 929 F.2d 1078, 1084 (5th Cir. 1991); *Hulsey v. State of Texas*, 929 F.2d 168, 172–73 (5th Cir. 1991); *Freeze v. Griffith*, 849 F.2d 172, 175 (5th Cir. 1988); *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982).

Applying the *Ulmer* factors to the instant case, the Court concludes that counsel should be appointed. **IT IS THEREFORE ORDERED** that attorneys Jamison M. Joiner, Allison N. Cook, and Sara Hollan Chelette are appointed to represent Plaintiff. All of the above-named attorneys are employed by Jackson Walker LLP and may be reached at the following address:

Jackson Walker LLP
2323 Ross Avenue, Suite 600
Dallas, TX  75201

**IT IS FURTHER ORDERED** that this case is set for (1) a jury trial commencing at 9:00 a.m. on July 30, 2018; and (2) a final pretrial conference at 9:00 a.m. on July 16, 2018. Both the trial and the final pretrial conference will be held in Courtroom No. 1 of the United States Courthouse located at 800 Franklin Avenue in Waco, Texas.

**SIGNED** on March 12, 2018.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE